# Illinois Official Reports

## Appellate Court

---

### *Vogt v. Round Robin Enterprises, Inc.*, 2020 IL App (4th) 190294

---

| | |
|---|---|
| Appellate Court Caption | BRAD VOGT, Individually and as Independent Administrator of the Estate of Bret Vogt, Deceased, Plaintiff-Appellant, v. ROUND ROBIN ENTERPRISES, INC., d/b/a FIREHAUS, Defendant-Appellee. |
| District & No. | Fourth District<br>No. 4-19-0294 |
| Filed | March 4, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 18-L-70; the Hon. Jason Matthew Bohm, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Rochelle A. Funderburg, of Meyer Capel, of Champaign, for appellant.<br><br>Matthew G. Burke, of Heineke & Burke, LLC, of Chicago, for appellee. |

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.
Presiding Justice Steigmann and Justice Turner concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiff, Brad Vogt, individually and as independent administrator of the estate of Bret Vogt, deceased, appeals the judgment of the trial court, granting defendant, Round Robin Enterprises, Inc., d/b/a Firehaus, its motion to dismiss with prejudice pursuant to section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2016)), where plaintiff failed to state a cause of action in his amended complaint. Specifically, the court found that plaintiff failed to establish (1) defendant owed decedent a duty of care under a voluntary undertaking theory and (2) defendant's actions proximately caused decedent's death.

¶ 2        On appeal, plaintiff asserts the trial court erred in dismissing his amended complaint with prejudice. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On May 3, 2016, decedent, Bret Vogt, an employee of defendant, attended an employer-sponsored event at defendant's bar—Firehaus—in Champaign, Illinois. At the event, defendant provided free alcoholic beverages to its employees. Decedent consumed alcohol and became intoxicated. Later in the evening or in the early morning of May 4, 2016, defendant stopped serving alcohol to decedent and ejected him from the premises. Decedent walked away from the bar and later fell and suffered a traumatic brain injury, resulting in his death.

¶ 5        On April 25, 2018, plaintiff, decedent's father, acting individually and as independent administrator of the estate of decedent, filed a complaint alleging negligence by defendant. On August 22, 2018, defendant filed a motion to dismiss pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2016)). On October 22, 2018, the trial court granted defendant's motion to dismiss without prejudice.

¶ 6        On November 21, 2018, plaintiff filed an amended complaint alleging a voluntary undertaking negligence theory. Specifically, plaintiff alleged (1) defendant owed a duty of care to decedent based on a voluntary undertaking where defendant ejected an intoxicated decedent from its premises and (2) defendant's conduct was a recognized proximate cause of decedent's injuries resulting in his death.

¶ 7        On December 14, 2018, defendant filed a demand for a bill of particulars. Defendant sought (1) the specific time and location where decedent initially was injured, (2) the exact manner in which decedent was injured, (3) the specific means by which the injury to decedent occurred, and (4) the specific time and location of decedent's death. On February 12, 2019, the trial court held a hearing on defendant's motion. After hearing recommendations from counsel, the trial court denied defendant's motion, stating:

> "Here I don't—I don't think, Mr. Burke, that the facts are so—I, I agree with you that there are some detail that aren't—this isn't a complaint full of detail, but I don't think it's so wanting to require a bill of particulars. I do think there's sufficient facts

regarding the duty that there was a voluntary undertaking, that there was a breach of the duty in the early—in the morning of May the 4th. [Decedent] was—left the establishment, then died of a traumatic brain injury and it—they've alleged—that doesn't mean that it's going to prevail ultimately, but I think they've adequately alleged a cause of action here that would at least allow it to go forward to a—some kind of answer or pleading otherwise, but I don't think a bill of particulars under 2-607 is necessary for this case to take the next step, whatever that next step is by the defendant.

So the order of the court would be that, after arguments are heard, the motion for a bill of particulars is denied."

¶ 8 On March 4, 2019, defendant filed a motion to dismiss plaintiff's amended complaint pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2016)). In the motion, defendant argued that (1) plaintiff's amended complaint failed to plead an actionable voluntary undertaking theory, under which defendant did not owe decedent a duty of care, and (2) defendant's conduct in ejecting decedent from its premises did not proximately cause decedent's fatal injuries.

¶ 9 On April 24, 2019, the trial court held a hearing on defendant's motion to dismiss. After hearing recommendations from counsel, the court granted defendant's motion to dismiss with prejudice. The court stated:

"The complaint alleges that [defendant] is liable for the death because of the voluntary undertaking of asking him to leave the tavern. The voluntary undertaking is limited to the extent of that undertaking. And here that undertaking ended when he left the bar. The act of removing him from the bar did not place him in a worse situation. Now that is not to say that he was not in a bad situation, he was in a bad situation, but he was in that bad situation because of his intoxication. And Illinois law does not place a duty on taverns like [defendant] to make sure that the intoxicated patrons that they eject get home safely. They can't eject them in a manner that increases the danger such as placing them in a car in frozen temperatures, but here he was asked to leave on a May night, and while the complaint doesn't specify how far away from the bar he was, it does say that the next day he was found deceased based on a traumatic brain injury. I don't believe that there [are] grounds to go beyond what the Dram Shop Act has preempted here. Illinois taverns, there is—they simply are not—or don't owe a duty to intoxicated patrons to make sure that they get safely home. Now we can disagree about whether or not that should be the law, but it's not for the court to determine that. The law is that they aren't—they don't have a duty to make sure they get home safely. I also don't think that there's a sufficient proximate cause in the complaint, so for those two reasons, I do believe that, even though it's difficult to say so, that the motion to dismiss should be granted and that this case should be dismissed. That will be the ruling of the court."

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 On appeal, plaintiff asserts that the trial court erred in dismissing with prejudice his amended complaint pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2016)). We note this matter really presents two issues. First, whether the court properly dismissed the case pursuant to section 2-615. Second, if we find the dismissal pursuant to

- 3 -

section 2-615 appropriate, our inquiry turns to the propriety of the dismissal with prejudice. Before we reach the merits of plaintiff's appeal, we set forth the applicable standards of review in analyzing the trial court's decision.

¶ 13                                A. Standard of Review

¶ 14    We first examine the standard of review on a section 2-615 motion to dismiss. The trial court's decision to grant a section 2-615 motion to dismiss is subject to *de novo* review. *Luise, Inc. v. Village of Skokie*, 335 Ill. App. 3d 672, 685, 781 N.E.2d 353, 364 (2002). The question is "whether the allegations in the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Id.* A motion to dismiss pursuant to section 2-615 challenges the legal sufficiency of the complaint by claiming defects exist on the face of the complaint. *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29, 801 N.E.2d 1103, 1109 (2003). In considering a section 2-615 motion to dismiss, "the court may not consider affidavits, products of discovery, documentary evidence not incorporated into the pleadings as exhibits, or other evidentiary materials." *Id.* This court will affirm the dismissal based only on the pleadings where this court finds "no set of facts can be proven which would entitle the plaintiff to the relief sought." *Id.*

¶ 15    Second, we must determine the appropriate standard of review for a dismissal with prejudice. Section 2-612(a) of the Civil Code authorizes the court to permit amendments where the pleadings fail to sufficiently define the issues before the court. 735 ILCS 5/2-612(a) (West 2016). The section further provides, "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." 735 ILCS 5/2-612(b) (West 2016). In determining whether it is appropriate to allow the plaintiff an opportunity to amend the complaint, the court must consider whether (1) the proposed amendment would cure the defective pleading, (2) the other parties would be prejudiced or surprised by the proposed amended complaint, (3) the plaintiff had previous opportunities to amend the complaint, and (4) the proposed amendment is timely. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16 (1992). We review the court's decision to dismiss a complaint with prejudice for an abuse of discretion. *Crull v. Sriratana*, 388 Ill. App. 3d 1036, 1046, 904 N.E.2d 1183, 1191 (2009).

¶ 16    With those standards of review in mind, we turn to the merits of plaintiff's appeal. Before we analyze whether defendant owed a duty based on a voluntary undertaking, we note that plaintiff's argument that the trial court previously found plaintiff's amended complaint asserted a cause of action for negligence is incorrect. In denying defendant's demand for a bill of particulars, the trial court stated, "I think they've adequately alleged a cause of action here that would at least allow it to go forward to a—some kind of answer or pleading otherwise." We do not find the court's statement determined that plaintiff established a cause of action in its amended complaint but rather that plaintiff presented enough facts for the complaint to go forward without a bill of particulars. Additionally, the court's statement was made prior to defendant's section 2-615 motion to dismiss plaintiff's amended complaint.

¶ 17    We also note that plaintiff concedes, and we agree, that this case does not implicate the Dram Shop Law (235 ILCS 5/6-21 (West 2016)). Rather, liability is sought to be imposed for the alleged assumption of additional duties independent of the provision of alcohol.

¶ 18                                    B. Voluntary Undertaking

¶ 19        Plaintiff argues that defendant owed a duty of care to decedent based on a voluntary undertaking theory. Defendant argues that plaintiff failed to state a cause of action because the complaint failed to state sufficient facts to establish a voluntary undertaking under Illinois law. We agree with defendant.

¶ 20        "In order to prevail in an action for negligence, the plaintiff must prove that the defendant owed a duty, that the defendant breached that duty, and that defendant's breach was the proximate cause of injury to the plaintiff." *Bell v. Hutsell*, 2011 IL 110724, ¶ 11, 955 N.E.2d 1099 (citing *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 225, 938 N.E.2d 440, 446 (2010)). "Unless a duty is owed, there can be no recovery in tort for negligence." *Id.* (citing *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14, 26, 594 N.E.2d 313, 318 (1992)).

¶ 21        The Illinois Supreme Court has looked to section 323 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 323 (1965)) to define the parameters of liability pursuant to a voluntary undertaking theory. See *Bell*, 2011 IL 110724, ¶ 12. Under a voluntary undertaking theory,

> "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
>     (a) his failure to exercise such care increases the risk of such harm, or
>
>     (b) the harm is suffered because of the other's reliance upon the undertaking."
> Restatement (Second) of Torts § 323 (1965).

See also *Wakulich v. Mraz*, 203 Ill. 2d 223, 241, 785 N.E.2d 843, 854 (2003) (citing *Rhodes v. Illinois Central Gulf R.R.*, 172 Ill. 2d 213, 239, 665 N.E.2d 1260, 1273 (1996)). "[T]he duty of care to be imposed upon a defendant is limited to the extent of the undertaking." *Bell*, 2011 IL 110724, ¶ 12.

¶ 22        To determine whether defendant owed a duty to plaintiff, we must determine the extent of any voluntary undertaking. Plaintiff argues that defendant undertook a duty to look after decedent's care and safety where defendant invited decedent to an employer-sponsored event, provided alcohol to decedent, subsequently decided to stop serving alcohol to the intoxicated decedent, and then ejected decedent from the premises. Specifically, plaintiff argues that by ejecting decedent from the premises, defendant placed decedent in a worse situation in which decedent later fell and suffered a traumatic brain injury, resulting in his death. Defendant relies on *Simmons v. Homatas*, 236 Ill. 2d 459, 925 N.E.2d 1089 (2010), *Wakulich*, 203 Ill. 2d 223, and *Harris v. Gower, Inc.*, 153 Ill. App. 3d 1035, 506 N.E.2d 624 (1987), in support of his argument.

¶ 23        In *Simmons*, 236 Ill. 2d at 478, the supreme court found common law negligence under section 876 of the Restatement (Second) of Torts (concert of action) (Restatement (Second) of Torts § 876 (1979)). Defendant—an adult entertainment club—owed a duty of care to plaintiffs where defendant removed a patron for being intoxicated, placed the patron into a vehicle, and required him to drive off, which resulted in a collision that killed plaintiffs' decedents. *Simmons*, 236 Ill. 2d at 481.

¶ 24 In *Wakulich*, 203 Ill. 2d at 246-47, the Illinois Supreme Court found a cause of action for negligent performance of a voluntary undertaking. Liability arose where the defendants took complete and exclusive control of the care of an intoxicated and unconscious minor. *Id.* at 243. The defendants hosted a party where a minor became intoxicated and unconscious. *Id.* at 226-27. The defendants placed the minor in the family room, checked on her periodically, took measures to prevent aspiration, and prevented other persons from calling 911 or seeking other medical intervention. *Id.* at 243.

¶ 25 In *Harris*, 153 Ill. App. 3d at 1036-37, the owners of a tavern took an intoxicated, unconscious patron out of the building and placed him in his car where he froze to death. The appellate court found a cause of action for common law negligence where the defendant placed decedent in a position of peril. *Id.* at 1038. We find *Wakulich*, *Simmons*, and *Harris* distinguishable.

¶ 26 Here, plaintiff does not assert a common law negligence theory under section 876 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 876 (1979)). Rather, plaintiff argues common law negligence based on a voluntary undertaking.

¶ 27 Defendant's action in cutting off an intoxicated decedent and ejecting decedent from the premises did not rise to the level of control exerted by the defendants in *Wakulich* and *Harris*. Defendant did not take complete and exclusive control of the care and safety of decedent by merely instructing decedent to leave the premises. Rather, defendant ejected an intoxicated decedent in a routine manner.

¶ 28 When decedent left Firehaus, he was conscious. Defendant's actions of escorting decedent out of the bar did not place decedent in peril or in a worse situation. We agree with the trial court that decedent was in a bad situation because of his intoxication, not due to any action taken by defendant. Moreover, any undertaking by defendant ended when it escorted decedent off the premises. See *Bell*, 2011 IL 110724, ¶ 12. Defendant's actions in ejecting an intoxicated decedent from its premises failed to amount to a voluntary undertaking to look after decedent's care and safety. As no duty existed, defendant is not liable for injuries decedent sustained after decedent left Firehaus. Under these circumstances, the absence of a voluntary undertaking precludes any duty on defendant's behalf. Thus, we conclude that the trial court did not err by dismissing the complaint for failure to state a cause of action.

¶ 29 As to the trial court's decision to dismiss the complaint with prejudice, noteworthy is the fact that when asked, during oral argument, whether sufficient additional facts might be alleged to overcome the trial court's assessment regarding duty, plaintiff seemed to suggest that any additional facts available would not be of such character. Furthermore, following dismissal of the amended complaint, plaintiff has failed to suggest any new theory under which to impose liability. Finally, since we are reviewing the dismissal of the amended complaint, we are mindful that plaintiff did receive a prior opportunity to amend. See *Loyola Academy*, 146 Ill. 2d at 273. Thus, the trial court did not abuse its discretion in dismissing plaintiff's amended complaint with prejudice. See *Crull*, 388 Ill. App. 3d at 1046.

¶ 30                                    III. CONCLUSION

¶ 31 For the reasons stated, we affirm the trial court's judgment.

¶ 32 Affirmed.