2024 IL App (1st) 240071-U

SIXTH DIVISION
October 11, 2024

No. 1-24-0071

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| VICTOR SOKOLOVSKI, BRANDEN LISCIANDRELLO, GEORGE SPACEK, ADRIANNA KONDILIS, SAMUEL DEGRANE, JAMIE STEPHEN, MICHELLE HABIAK, EDWARD GARCIA, IAN LESTER BAYOT, KAROL RUMATOWSKI, TIMOTHY WEINTHALER, JESSICA VENEGAS, TRAMAINE HARRIS, NATHAN LESIECKI, JOSE LARA, ANDREW BELUSO, MARY RASSO, BARBARA DUBIEL KITZEROW, DENNIS SMITH, JOHN NICEZYPORUK, MILAN VLCANSKY, ANGELICA ARROYO, GLORIA A HARO, HENRY TULEJA, MARCIN KAZARNOWICZ, MARTIN VALADEZ, MELISSA SCHROEDER, JENNIFER SALADINO, ROLANDO GODINEZ, JOSEPH WYSONG, MARINA JURASSI, MARIJAN PAOCIC, LINDSEY ANDRADE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County <br><br> No. 2022CH11936 <br><br> The Honorable Pamela McLean Meyerson, Judge Presiding. |
|     Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| DR. ALLISON ARWADY, in her official capacity as Commissioner of the Chicago Department of Health, CITY OF CHICAGO, an Illinois Municipal Corporation, Mayor BRANDON JOHNSON, in his official capacity as Mayor of the City of Chicago, | ) ) ) ) ) ) | |
|     Defendants-Appellees. | ) | |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly dismissed plaintiffs' complaint for failure to state a claim.

¶ 2                                I. BACKGROUND

¶ 3    This case involves a challenge to the City of Chicago's COVID-19 Vaccination Policy (Vaccination Policy), which was implemented on October 8, 2021. The Vaccination Policy, which was published on the City's website, required every City employee, contractor or vendor who had contact with certain persons inside the City of Chicago to be vaccinated against COVID-19 unless certain exemptions applied. If City employees failed to comply with the Vaccination Policy, they could be subject to disciplinary action up to and including discharge.

¶ 4    On March 17, 2022, Plaintiffs, all City employees, filed a Complaint for Declaratory and Injunctive Relief in Sangamon County Court. In it, they alleged that "[Mayor] Lightfoot and Chicago have demanded that plaintiffs comply with the [Vaccination Policy]" and that "[Mayor] Lightfoot and Chicago do not have authority to demand vaccination or testing in an attempt to limit the spread of infectious disease." They sought a declaration that the Vaccination Policy "is a nullity and has never had any force and effect of law" and that "plaintiffs have the right to refuse vaccinations and testing," and an order enjoining Mayor Lightfoot from "compelling [them] to comply" with the Vaccination Policy.

¶ 5    Defendants moved to transfer venue from Sangamon County to Cook County because Plaintiffs were all alleged to be employees and residents of the City of Chicago and because the action pertained to the City's Vaccination Policy and its effect on City employees. The motion was granted.

¶ 6    Defendants then moved to dismiss Plaintiffs' complaint under 735 ILCS 5/2-615. They argued that "[t]here is no legal support for Plaintiffs' contention that the Vaccination Policy is void, as the City unquestionably has the power to adopt policies for its employees." They also argued that "all but two of the Plaintiffs are employed under collective bargaining agreements that include mandatory arbitration provisions" and that because "[a]n arbitrator has already held that the Vaccination Policy was a valid exercise of the City's power under its collective bargaining agreements," the Plaintiffs "lack standing to bring these claims or challenge the arbitrator's awards, and their claims should be dismissed under 735 ILCS 5/2-619."

¶ 7    The court dismissed Plaintiffs' complaint without prejudice, and gave them leave to file an amended complaint, directing Plaintiffs to "consider the issues raised in Defendants' Motion to Dismiss the First Amended Complaint in light of counsel's obligations under Supreme Court Rule 137." Plaintiffs filed their Second Amended Complaint. In it, they alleged that the Vaccination Policy was void because it says "the City of Chicago has adopted this policy" but does not indicate which state actor enacted the policy. They asked the court to declare that the Vaccination Policy "is a nullity and has had no force and effect of any kind since it appeared on October 08, 2021."

¶ 8    Defendants filed a motion to dismiss Plaintiffs' Second Amended Complaint. In it, they again argued that "there is no legal support for Plaintiffs' contention that the Vaccination Policy is void, as the City unquestionably has the power to adopt policies for its employees." They asserted that under the Illinois Municipal Code, a municipality has inherent authority to manage its workforce and set rules and criteria for employment eligibility and "to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of diseases." They also argued that the City's Municipal Code vested the Mayor with broad policymaking discretion over City employees. In addition, Defendants again argued that because

all but two of the Plaintiffs were employed under collective bargaining agreements that include mandatory arbitration provisions and an arbitrator already held that the Vaccination Policy was a valid exercise of the City's power under its collective bargaining agreements, the Plaintiffs lacked standing to bring these claims and so the complaint should be dismissed under 735 ILCS 5/2-619.

¶ 9    Plaintiffs subsequently moved to amend their Second Amended Complaint to correct the title of defendant Dr. Allison Arwady, and their unopposed motion was granted. The Third Amended Complaint alleged that the Vaccination Policy "contains no provision identifying any state statutory authority or any local municipal authority which might lawfully allow for the adoption and implementation of any such policy by any agent(s) of Chicago" or any "evidence of which public official or other agent(s) of Chicago created it and under what lawful authority." Because the Vaccination Policy did not contain this provision, Plaintiffs alleged it was "a nullity as the City of Chicago cannot lawfully adopt policy." They alleged that "even if one might presuppose the Mayor is the agent who enacted" the Vaccination Policy, "the municipal code of the City confers no such authority on the Mayor." The court ordered that the Defendants' motion to dismiss the Second Amended Complaint would be deemed a response to the Third Amended Complaint.

¶ 10    In their response to Defendants' motion to dismiss, Plaintiffs admitted that "[i]t is certainly possible the City of Chicago has the managerial rights to implement such a vaccination policy[,]" to "manage its workforce in such a manner" and to "make regulations to promote health or suppress disease" but argued that "none of those legal questions are relevant to the threshold matter as to which agent(s) of the City of Chicago lawfully adopted this alleged policy and under what lawful authority." Plaintiffs argued that they "have a right to pursue their claim and prove to this Court

that no agent(s) of the City of Chicago lawfully adopted the vaccination policy and as such it was void ab initio from the day it miraculously appeared on the City of Chicago's website."

¶ 11    In their reply in support of their motion to dismiss, Defendants stated that "Plaintiffs do not dispute, and do not even respond, to the authority cited by Defendants in support of their Motion establishing that requiring employees to comply with the Vaccination Policy was a valid exercise of the City's authority to regulate the conduct of employees and provide for the public health." Defendants acknowledged Plaintiffs' assertion that "the Municipal Code does not confer any power upon the Mayor to enforce the Vaccination Policy," but pointed out that Plaintiffs "offer[ed] no legal argument or authority to support their conclusory assertion that the Mayor and her subordinates lacked authority to enforce the Vaccination Policy as to the Plaintiffs." Accordingly, Defendants argued that Plaintiffs' Third Amended Complaint should be dismissed with prejudice. Defendants also reiterated their argument that the complaint should be dismissed under section 2-619 for lack of standing.

¶ 12    At the hearing on the motion to dismiss, Plaintiffs' counsel argued that the Vaccination Policy was void because it "doesn't say the Mayor *** created this policy" or that "the City council created this policy through some lawful mechanism" and says only "the City of Chicago adopts this." He argued that his firm represents "dozens of municipalities" and that when these municipalities "adopt something like this [policy], it is written into the policy what lawful authority, whoever the agent of the municipality is exercising so that it's of record this is who prepared it or who adopted it and it is this authority they were relying upon." When the court asked plaintiffs' counsel if he "cited any authority *** that indicates that policies such as this need to recite the authority" or if there is "any requirement in the law that [policies like this one] contain that recitation", plaintiffs' counsel admitted he was aware of none.

5

¶ 13    After hearing arguments from both parties, the court found that Plaintiffs' complaint failed to state a cause of action under section 2-615. It rejected Plaintiffs' argument that the Vaccination Policy was void because it did not expressly articulate the procedure by which it was enacted, stating that plaintiffs pointed to "no law" or anything else to support their contention that a policy needs to recite the process by which it was enacted in order to be valid. After finding that Plaintiffs had been given ample opportunities to amend their complaint, the court dismissed the complaint with prejudice under section 2-615 as to all named Plaintiffs. The court also addressed Defendant's alternate grounds for dismissal, and granted their motion to dismiss under section 2-619 as to all named Plaintiffs except for Luis Rivera, Jr. Plaintiffs timely appealed.

¶ 14                                II. ANALYSIS

¶ 15    Plaintiffs argue that the trial court reversibly erred when it dismissed their complaint under 735 ILCS 5/2-615 (West 2022). We review a trial court's dismissal of a complaint under section 2-615 *de novo*. *Doe v. Burke Wise Morrissey & Kaveny, LLC,* 2023 IL 129097, ¶ 20. We must determine whether the allegations in the pleadings, when viewed in the light most favorable to the nonmoving party, state a cause of action upon which relief can be granted. *Id*. We will affirm a dismissal under section 2-615 if we find "no set of facts can be proven which would entitle the plaintiff to the relief sought." *Vogt v. Round Robin Enterprises, Inc.,* 2020 IL App (4th) 190294, ¶ 14 (quoting *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29 (2003)).

¶ 16    On appeal, Plaintiffs assert that the City's Vaccination Policy is invalid because it says only that it was "adopted by the City of Chicago" and fails to identify which particular city official authorized the policy and the law under which it was adopted. For support, Plaintiffs cite *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, and *Melbourne Corp. v. City of Chicago*, 76 Ill. App. 3d 595 (1979). In *Melbourne,* the court addressed whether the Local

Governmental and Governmental Employees Tort Immunity Act (Act) immunized the City from liability for the acts of board officials who denied plaintiffs' application for renewal of its City license. *Id.* at 598. The court held that plaintiffs could not "evade the effects of the Act by suing the City itself, but not the Board officials whose actions or omissions constitute the alleged cause of action" because "[t]he City is a municipal corporation that can function only through the actions of its agents and officials." *Id.* at 604. And in *Downtown Disposal Services,* 2012 IL 112040, ¶ 1, the court addressed "whether a complaint for administrative review filed by a corporation's president, on behalf of the corporation, is a nullity because the president is not an attorney." Concluding that the filing was not a nullity, the court reasoned that "the lack of an attorney's signature on a complaint for administrative review filed on behalf of a corporation does not render the complaint null and void or mandate dismissal in all instances" and that "the trial court should afford the corporation an opportunity to retain counsel and amend the complaint if the facts so warrant." *Id.* ¶ 36. We fail to see how these cases are relevant to the sole issue raised on appeal, which is whether the City's Vaccination Policy is invalid because it fails, on its face, to identify which particular city official authorized it or the law under which it was implemented. Plaintiffs cite no legal authority to support their contention that a policy must expressly indicate (1) which particular city official authorized the policy and (2) that the policy was "created through a lawful mechanism" to be valid, and Plaintiffs' counsel conceded at the December 12, 2023, hearing on Defendants' motion to dismiss that he was aware of no authority indicating that policies such as this one need to recite the authority upon which they rely.

¶ 17    In their brief, Plaintiffs admit that "the very purpose of this declaratory judgment action was to inquire into the formalities of the adoption of this [Vaccination Policy] to determine which agent of the City of Chicago adopted it and under what legal authority." Plaintiffs assert that the

courts "cannot sit idly by and allow public bodies to implement policies toward its citizens out of thin air without any opportunity to inquire if in fact the policy was lawfully adopted by some public agent vested with the authority to create and enforce it." As the circuit court correctly observed, however, this amounts to a "request for relief that's in search of underlying facts, and that's not the way in Illinois litigation works." To survive a motion to dismiss, Plaintiffs needed to allege sufficient facts and identify legal authority to support their contention that the City violated some law or procedure by enacting the Vaccination Policy without identifying on the face of the policy the specific official who enacted it and the authority under which it was enacted. See *Marshall v. Burger King Corp.*, 222 1ll. 2d 422, 429-30 (2006) (noting that "Illinois is a fact-pleading jurisdiction" and that a plaintiff must allege sufficient facts to bring a claim within a legally recognized cause of action). If the City violated some law in implementing the Vaccination Policy, it was incumbent on Plaintiffs to cite the law and allege facts establishing a violation thereof. The facts alleged here, however, amount to nothing more than a fishing expedition. Because Plaintiffs failed to allege sufficient facts to state a claim, the trial court properly dismissed their complaint under section 2-615. And because the dismissal under section 2-615 pertained to all named Plaintiffs, we need not reach the merits of Defendants' section 2-619 defense.

¶ 18                                    III. CONCLUSION

¶ 19    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 20    Affirmed.