In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2088

PAUL T. SWEARINGEN,

*Plaintiff-Appellant*,

*v.*

MOMENTIVE SPECIALTY CHEMICALS, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10-cv-4470—**Amy J. St. Eve**, *Judge*.

ARGUED OCTOBER 19, 2011—DECIDED DECEMBER 7, 2011

Before FLAUM and MANION, *Circuit Judges,* and MAGNUS-STINSON, *District Judge*.*

MAGNUS-STINSON, *District Judge.* Plaintiff-appellant Paul T. Swearingen fell from the top of his employer's

---

* The Honorable Jane E. Magnus-Stinson, District Judge for the United States District Court for the Southern District of Indiana, is sitting by designation.

truck while he was attempting to unload chemicals at a facility owed by Defendant-appellee Momentive Specialty Chemicals, Inc.[1] This case requires us to apply Illinois law to determine whether the deliberate-encounter exception of the open-and-obvious doctrine applies to Mr. Swearingen's negligence claim against Momentive. The district court found the deliberate-encounter exception inapplicable and granted summary judgment in favor of Momentive because Momentive did not owe Mr. Swearingen a duty regarding the open and obvious hazard at issue. We affirm.

## I. BACKGROUND

During the relevant time, Mr. Swearingen was a tanker-truck driver for Transport Service Company. On March 29, 2010, Mr. Swearingen delivered a tank of chemicals to Momentive's facility in Carpentersville, Illinois. After Mr. Swearingen parked the truck in an unloading bay, Momentive personnel asked him to open the dome lid on top of the truck. Mr. Swearingen testified in his deposition that no one from Momentive told him how to open the dome lid.

Mr. Swearingen climbed the ladder attached to the truck. When he got to the top of the ladder, he saw bright

---

[1] Mr. Swearingen initially filed suit against Hexion Specialty Chemicals, Inc. During the pendency of the underlying action, Hexion changed its corporate name to Momentive and the docket was updated accordingly. We will refer to the Defendant-appellee exclusively as Momentive.

red piping a few feet above the truck that was part of Momentive's fire extinguishing system. He testified that he noticed that the piping was extremely low but concluded that he had "been in these kind of situations before" and knew he was "going to have to do it in the end anyway," so he climbed on top of the truck. Mr. Swearingen was aware that he was not wearing a fall-protection harness and wished that he had one. No one from Momentive was present to supervise or assist him, and he did not seek any assistance. While trying to open the dome lid from the top of the truck, Mr. Swearingen began to stand up, hit his head on the piping, and fell to the floor.

There is no dispute that Mr. Swearingen was aware of the low-piping hazard when he climbed onto the truck. There is also no dispute that Mr. Swearingen's employer, Transport, trained him to open the dome lid by maintaining three points of contact with the truck at all times, which he failed to do at the time he fell.

On July 19, 2010, Mr. Swearingen filed a complaint in the United States District Court for the Northern District of Illinois, alleging that Momentive breached the duty it owed to warn him of the risk associated with the low-piping hazard and otherwise provide him with a fall-protection harness. Mr. Swearingen further contends that as a direct and proximate cause of the alleged breach, he fell from the top of the truck and sustained serious permanent injuries.

On March 8, 2011, Momentive filed a motion for summary judgment on Mr. Swearingen's claim, arguing that

Momentive did not owe Mr. Swearingen a duty because he recognized the open and obvious nature of the hazard presented by the piping above the truck. Mr. Swearingen argued in response, among other things, that the deliberate-encounter exception to the open-and-obvious doctrine applied. Therefore, Mr. Swearingen contended that Momentive should have reasonably foreseen that he would deliberately encounter the hazard presented by the low piping, warned him accordingly, and provided him with a fall-protection harness.

On June 2, 2011, the district court granted summary judgment in favor of Momentive on Mr. Swearingen's claim. The district court concluded that the issue of duty was a matter of law to be decided by the court. Specifically, the district court found that Momentive did not owe Mr. Swearingen a duty of care at the time of the accident because the hazard Mr. Swearingen encountered was open and obvious and the deliberate-encounter exception did not apply.[2] The district court concluded that there was no evidence that Momentive had reason to expect that Mr. Swearingen would climb on top of his truck despite the piping system directly overhead. The district court also found that Mr. Swearingen had not raised any issues of material fact regarding duty and that without a duty, there could be no liability. Mr. Swearingen appeals.

---

[2] The district court also found that the distraction exception to the open-and-obvious doctrine did not apply. Mr. Swearingen does not challenge that finding on appeal, and we will not discuss that exception further.

## II. DISCUSSION

Mr. Swearingen raises two issues on appeal: (1) whether the deliberate-encounter exception to the open-and-obvious doctrine applies; and (2) whether alleged issues of material fact prevent summary judgment on the issue regarding Momentive's duty to Mr. Swearingen.

We review the district court's grant of summary judgment *de novo*, construing all facts and inferences in the light most favorable to the non-movant, Mr. Swearingen, in determining whether a genuine issue of material fact exists that would preclude summary judgment. *Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.*, 547 F.3d 882, 886 (7th Cir. 2008).

### A. Applicable Illinois Law Regarding the Open-and-Obvious Doctrine

The parties agree that we apply Illinois law in this diversity action. When addressing a question of state law while sitting in diversity, "our task is to ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now." *Thomas v. H&R Block Eastern Enters.*, 630 F.3d 659, 663 (7th Cir. 2011).

To establish a claim for negligence under Illinois law, a plaintiff must prove the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011). Whether

a duty is owed presents a question of law, while breach of duty and proximate cause present questions of fact. *Id.* Duty and liability are distinct concepts that must be separately considered. *LaFever v. Kemlite Co.*, 706 N.E.2d 441, 450 (Ill. 1998). Where there is no duty owed, there can be no liability. *Id.*; *see also Bell v. Hutsell*, 955 N.E.2d 1099, 1104 (Ill. 2011) ("Unless a duty is owed, there can be no recovery in tort for negligence.").

"The touchstone of the duty analysis is to ask whether the plaintiff and defendant stood in such a relationship to one another that the law imposes on the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Vancura v. Katris*, 939 N.E.2d 328, 347 (Ill. 2010). This inquiry involves four factors: (1) the reasonable foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing the burden on the defendant. *Id.*

The parties agree that Mr. Swearingen was a business invitee on Momentive's property. As a general rule, a landowner owes a business invitee "the duty of exercising ordinary and reasonable care to see that the premises are reasonably safe for use." *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1063 (Ill. 2006).

Momentive argues that the general rule does not apply in this case because the danger at issue was open and obvious. Under the open-and-obvious doctrine, a landowner is not liable for physical harm caused to invitees by any condition on the land whose danger is known or obvious to them, unless the landowner

should anticipate the harm despite such knowledge or obviousness. *Sollami v. Eaton*, 772 N.E.2d 215, 223 (Ill. 2002) (citing Restatement (Second) of Torts § 343A (1965)); *see also Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826, 831 (Ill. 1996) (reaffirming the "long-standing principles which recognize that owners and occupiers of land generally owe no legal duty to take precautions or warn against risks from 'open or obvious' conditions present on the land").[3]

Mr. Swearingen argues that the deliberate-encounter exception to the open-and-obvious doctrine applies, which would revive the duty Momentive owed to him. Under that exception, even if an invitee harms himself on an open and obvious hazard, the landowner may still be liable if it "had reason to expect" that the invitee

---

[3] We recognize that there has been dissension among the members of the Illinois Supreme Court regarding the role a jury should play, if any, in determining whether a condition is open and obvious and if a landowner's warning is sufficient. *See Sollami*, 772 N.E.2d at 225 (Harrison, J., dissenting) ("[T]he issue is not for [the majority] to resolve. Whether a condition presents an open and obvious danger is a question of fact for the trier of fact."), *id*. at 228 (Kilbride, J., dissenting) ("I believe the questions of whether a duty to warn on the part of the property owner exists, as well as the adequacy of any warnings given, are also issues that should be determined by a jury."). The majority of the court, and therefore controlling precedent, holds otherwise. But because Mr. Swearingen admits he saw the piping hazard, recognized the tight quarters, and was aware that he was not wearing fall protection, the open and obvious nature of the hazard in this case is undisputed.

would deliberately encounter the hazard because the advantages of doing so outweigh the apparent risk to a reasonable person. *LaFever*, 706 N.E.2d at 448, 450. The deliberate-encounter exception has most often been applied in cases involving economic compulsion. *Sollami*, 772 N.E.2d at 224 (citing *LaFever*, 706 N.E.2d 441 (holding that defendant could have reasonably foreseen that plaintiff would deliberately walk on slippery edge trim in the course of performing his job duties); *Ralls v. Village of Glendale Heights*, 598 N.E.2d 337 (Ill. App. Ct. 1992) (holding it reasonably foreseeable that construction workers would use the shortest path to door of building on work site, even though the path was snow-covered and slippery)).

Regardless of whether the general rule, the open-and-obvious doctrine, or the deliberate-encounter exception applies, the Illinois Supreme Court has applied the four-factor duty inquiry to the reasonable foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Cf. Sollami*, 772 N.E.2d at 224-25 (concluding that the deliberate-encounter exception did not apply but still conducting the four-factor duty inquiry); *with LaFever*, 706 N.E.2d at 450-51 (concluding that the deliberate-encounter exception did apply but still conducting the four-factor duty inquiry).[4]

---

[4] After briefing was complete, Mr. Swearingen submitted a notice of additional authority, generally directing us to the

(continued...)

### B. Whether Momentive Owed a Duty to Mr. Swearingen Regarding the Open and Obvious Hazard on Its Property

Mr. Swearingen does not—and cannot—dispute that the piping hazard was open and obvious. He saw it when he arrived at the top of the ladder, knew that he was not wearing fall protection, and recognized that there would not be much room for him on top of the truck. On appeal, Mr. Swearingen argues that the deliberate-encounter exception applies and that the district court erred by granting Momentive's motion for summary judgment. Specifically, Mr. Swearingen argues that Momentive should have known that he would climb on top of the truck and potentially encounter the

---

(...continued)

duty analysis from the Illinois Appellate Court's decision in *Choate v. Indiana Harbor Belt Railroad Co.*, 954 N.E.2d 760 (Ill. App. Ct. 2011). Mr. Swearingen does not cite a specific holding from *Choate* or argue that the case contradicts *LaFever* or *Sollami,* which are Illinois Supreme Court precedent reflecting that court's position on the substantive law applicable herein. Because our task in this diversity case is to predict how the Illinois Supreme Court would address the issues at bar, we will rely on *LaFever* and *Sollami* instead of Mr. Swearingen's supplemental authority. In any event, *Choate* is distinguishable because it focuses on the duty a landowner owes to young children who trespass on the landowner's property. Mr. Swearingen, who was fifty-five years old at the time of the incident, was undisputedly a business invitee on Momentive's property.

hazard because he felt economically compelled to open the dome lid to fulfill his job responsibilities.

As detailed above, the deliberate-encounter exception applies if the landowner "had reason to expect" that the invitee would deliberately encounter the open and obvious hazard because the advantages of doing so outweigh the apparent risk to a reasonable person. *LaFever*, 706 N.E.2d at 448, 450.

The district court correctly noted that Mr. Swearingen provides no evidence that Momentive had reason to expect that he would climb on top of his truck to open the dome lid, placing himself in a position to potentially encounter the piping hazard. It is undisputed that Mr. Swearingen's employer trained him how to open the dome lid and instructed him to maintain three points of contact with the truck at all times. Mr. Swearingen's supervisor testified that to maintain three points of contact, drivers "lean over while they're still on the ladder and reach over and undo the dome lid." His supervisor also testified that if he knew Mr. Swearingen climbed on top of the truck, he would have retrained him. Momentive's safety manager testified that Momentive expects all drivers to maintain three points of contact with the ladder while opening the dome lid.

Mr. Swearingen admits that he chose to climb on top of the truck to open the dome lid and that Momentive did not tell him to do so. Mr. Swearingen also admits that it was impossible for him to maintain three points of contact while trying to open the lid from atop the

truck, which violated his training. (Appellant's Br. at 33.) Although Mr. Swearingen contends that he had to climb on top of the truck to open the dome lid because it was secured too tightly for him to open it from the ladder, his counsel conceded at oral argument that there is no evidence in the record that Momentive had any reason to foresee that the dome lid may have been secured too tightly for Mr. Swearingen to open it from the ladder. Likewise, there is no evidence in the record that Momentive was aware that Mr. Swearingen or any other drivers ever attempted to open dome lids by positioning themselves on top of their trucks.

In summary, there is nothing in the record supporting Mr. Swearingen's assertion that Momentive had reason to expect that he would ignore his training and climb on top of his truck to attempt to open the dome lid, which placed him in a position to encounter the open and obvious hazard. While Mr. Swearingen argues that he is "not required to prove [his] case at the summary judgment stage," he is required to present evidence to create an issue of material fact, which he has not done.[5] *See*

---

[5] Mr. Swearingen's reliance on Momentive's post-accident investigation report concluding that the height of the sprinkler system could have contributed to the accident is not pertinent to the duty analysis. That evidence shows Momentive's knowledge after the accident, not before, and goes to the issue of causation, not duty. Likewise, Mr. Swearingen's expert's report opining on unidentified industry standards and the "cause" of the accident does not create an issue of material fact relevant

(continued...)

*Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party seeking to defeat a motion for summary judgment is required to wheel out all its artillery to defeat it.") Therefore, the deliberate-encounter exception to the open-and-obvious doctrine does not apply to the facts of this case.

This conclusion is further supported by the additional four-factor test the Illinois Supreme Court has prescribed.[6] Mr. Swearingen's injury was not reasonably foreseeable or likely because he ignored his training by climbing on top of the truck and failing to maintain three points of contact. No evidence was introduced establishing that Momentive had prior knowledge of any invitee or employee climbing on top of a tanker to open a dome lid.

The burden of guarding against the injury and the consequences of placing that burden on Momentive appear substantial. Despite Mr. Swearingen's argument to the contrary, it is not as straightforward as Momentive simply having fall protection available for non-employee

---

(...continued)

to the analysis herein. (Appellant's Br. at 19.) Whether a duty is owed presents a question of law for the court, *Thompson*, 948 N.E.2d at 45, and duty and liability are distinct concepts that must be separately considered, *LaFever*, 706 N.E.2d at 450.

[6] While the district court did not explicitly apply the four-factor test after concluding that the open-and-obvious doctrine applied, its analysis implicitly addressed the factors at issue and reached the same result we reach herein.

truckers who unload chemicals at its facilities. Momentive would also have to train these non-employees to use the harness, supervise them during use, and ensure that it provided a harness that was compatible with the truck the non-employee was driving. These significant burdens weigh against imposing a legal duty on Momentive. Additionally, it would be more efficient for business invitees like Mr. Swearingen to follow their training. Placing the burden on Momentive to provide fall protection for all non-employees is unjustified.

For these reasons, we conclude that Momentive did not owe Mr. Swearingen a legal duty to provide him with a fall-protection harness to protect him from the open and obvious hazard on its property.

### C. Mr. Swearingen's Proffered Issues of Material Fact

Mr. Swearingen proffers three factual disputes that he contends create issues of material fact sufficient to preclude summary judgment. First, Mr. Swearingen denies Momentive's allegation that he was "standing" on top of the truck. Mr. Swearingen points to his stature and argues that it would not be possible for him to stand upright on the truck. Second, Mr. Swearingen emphasizes that Momentive's safety director testified that Momentive's failure to provide fall protection was a contributing factor to Mr. Swearingen's accident. Third, Mr. Swearingen argues that it was impossible for him to maintain three points of contact with the truck as he was trained to do because the dome lid was secured too tightly for him to remove it from the ladder.

As the district court held, even if a genuine dispute exists as to any of these facts, none of these disputes are material because they do not affect the duty analysis. Whether Mr. Swearingen was crouching or standing upright on top of the truck is immaterial because, for purposes of the duty analysis, the parties agree that Mr. Swearingen was positioned on top of the truck and the salient question is whether Momentive had reason to expect that he would be up there.

Likewise, whether Momentive's failure to provide fall protection actually contributed to the fall goes to the causation element, not to duty. Finally, even if it were impossible for Mr. Swearingen to maintain three points of contact with the truck to open the tight dome lid, his counsel conceded at oral argument that there is no evidence in the record that Momentive had reason to foresee that the dome lid would be too tight or that Mr. Swearingen would ignore his training and position himself on top of the truck to attempt to loosen it.

As Mr. Swearingen admits at the end of his brief, his proffered factual disputes go to issues regarding "contributory negligence" and "how the incident occurred." (Appellant's Br. at 34.) Because we have already determined that Momentive did not owe Mr. Swearingen a duty to take precautions regarding the open and obvious danger at issue on its premises, there can be no recovery. *See, e.g.*, *Bell*, 955 N.E.2d at 1104 ("Unless a duty is owed, there can be no recovery in tort for negligence."). Therefore, we conclude that Momentive is entitled to summary judgment on Mr. Swearingen's claim and affirm the judgment of the district court.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Momentive.