2022 IL App (3d) 210260

Opinion filed October 26, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| RICK REYNOLDS, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Tazewell County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0260 |
| | ) | Circuit No. 19-MR-246 |
| THE VILLAGE OF CREVE COEUR, an | ) | |
| Illinois Municipal Corporation, | ) | |
| | ) | Honorable Stephen A. Kouri, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment and
opinion.

_____

**OPINION**

¶ 1        Plaintiff, Rick Reynolds, filed a complaint for declaratory judgment challenging the

constitutionality of an ordinance regulating mobile homes passed by defendant, Village of Creve

Coeur. The trial court granted defendant's motion to dismiss. We affirm.

¶ 2                                          I. BACKGROUND

¶ 3        Plaintiff owns mobile homes and a mobile home park located within the corporate

boundaries of the Village of Creve Coeur. In 2006, defendant enacted ordinance No. 634 to

inventory residential rental buildings (Village of Creve Coeur Ordinance No. 634 (approved

Mar. 8, 2006)). Residential buildings included mobile homes in its definition. The ordinance required a $5 yearly registration fee for rented residential buildings to cover defendant's "costs of administering this program," which included maintaining a registration database. *Id.*

¶ 4    In December 2013, defendant amended ordinance No. 634 by enacting ordinance No. 634A. Village of Creve Coeur Ordinance No. 634A (approved Dec. 11, 2013). The amended ordinance increased the annual registration fee to $25. The ordinance also permitted defendant to inspect residential rental dwellings for compliance with defendant's building code, unsafe or dangerous buildings ordinance, littering ordinance, sewer ordinance, garbage ordinance, and nuisance ordinance. Defendant demanded payment of the fee from plaintiff. Plaintiff paid defendant the $25 registration fee under protest and then filed a complaint against defendant in the trial court.

¶ 5    Plaintiff amended the complaint. Count I of the amended complaint alleged defendant lacked authority to pass the original ordinance No. 634. Count II alleged state and federal law preempted ordinance No. 634A. Count III alleged the $25 registration fee constituted an impermissible tax.

¶ 6    Defendant filed a combined motion to dismiss pursuant to sections 2-615 and 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(9) (West 2018)). The section 2-615 portion of the motion attacked counts I and II of the amended complaint. Defendant contended that count I failed as a matter of law since ordinance No. 634A amended and superseded ordinance No. 634. Defendant argued that count II should be dismissed as state and federal law did not preempt ordinance No. 634A. The section 2-619(a)(9) portion of the motion sought dismissal of count III. Defendant claimed it had the authority to impose the $25 fee and that the fee was not excessive given that it did not cover half the costs to administer the program.

¶ 7    On June 29, 2020, the court entered a written order which provided, "[u]pon consideration of Defendant's Motion to Dismiss, said motion is allowed as to Counts I and II. Said motion is denied as to Count III."

¶ 8    Plaintiff filed a motion for reconsideration or clarification of the court's June 29, 2020, order. The motion asked for clarification as to whether the court dismissed counts I and II with prejudice. If so, plaintiff sought leave to dismiss count III with prejudice so that he could appeal from a final order.

¶ 9    Subsequently, the court entered an agreed order. The agreed order clarified that the court dismissed counts I and II with prejudice. The order also dismissed count III with prejudice.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, plaintiff argues that the trial court erred when it dismissed his complaint. A motion to dismiss filed pursuant to section 2-615 challenges the legal sufficiency of a complaint based on alleged facial defects. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). A reviewing court must accept as true all well pled facts and all reasonable inferences arising from those facts. *Bell v. Hutsell*, 2011 IL 110724, ¶ 9. The allegations in the complaint are construed in the light most favorable to the plaintiff. *Id.* We review *de novo* a trial court's decision to grant a section 2-615 motion to dismiss. *Berry v. City of Chicago*, 2020 IL 124999, ¶ 25.

¶ 12    As an initial matter, we note that plaintiff limits his argument to the dismissal of count II. Plaintiff does not challenge the dismissal of counts I and III. Therefore, we focus our analysis on count II. First, plaintiff contends that he sufficiently alleged that federal law preempted ordinance No. 634A. Therefore, plaintiff claims ordinance No. 634A is unenforceable as it applies to mobile homes.

¶ 13    In an "as-applied" challenge, a plaintiff protests against how an enactment was applied in the particular context in which the plaintiff acted or proposed to act, and the facts surrounding plaintiff's particular circumstances become relevant. See *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 355 Ill. App. 3d 352, 365 (2005). If a plaintiff prevails in an as-applied claim, he may enjoin the objectionable enforcement of the enactment only against himself. *Id.*

¶ 14    In construing the validity of a municipal ordinance, the same rules are applied as those which govern the construction of statutes. *City of Chicago v. Morales*, 177 Ill. 2d 440, 447-48 (1997). Statutes are presumed constitutional, and the burden of rebutting that presumption is on the party challenging the validity of the statute to clearly demonstrate a constitutional violation. *O'Brien v. White*, 219 Ill. 2d 86, 98 (2006). This court has a duty to uphold the constitutionality of a statute when reasonably possible. *Morales*, 177 Ill. 2d at 448. If a statute's construction is doubtful, a court will resolve the doubt in favor of the statute's validity. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 291 (2003).

¶ 15    Count II of plaintiff's amended complaint alleged that the National Manufactured Housing Construction and Safety Standards Act of 1974 (Act) (42 U.S.C. §§ 5401-5426) (2018)), and the regulations adopted by the United States Department of Housing and Urban Development (HUD) pursuant to the Act (24 C.F.R. §§ 3280-3282 (2018)) preempted ordinance No. 634A.[1] The purposes of the Act "are to reduce the number of personal injuries and deaths and the amount of insurance costs and property damage resulting from [mobile] home accidents and to improve the quality and durability of [mobile] homes." 42 U.S.C. § 5401 (1994).

---

[1]Count II also alleged that Illinois laws preempted ordinance No. 634A. However, plaintiff does not raise these arguments on appeal. Consequently, we will not address whether state law preempts ordinance No. 634A.

¶ 16    The Act contains an explicit preemption provision. Where the statute contains an explicit preemption provision, there is no need to consider whether preemption may be implied. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 517 (1992). However, because there is a strong presumption against preemption of state police power, express preemption provisions are to be narrowly construed. *Id.* at 518. When construing preemption clauses, the court must "focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent." *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 664 (1993).

¶ 17    Congress defined the preemptive reach of the Act:

> "Whenever a Federal [mobile] home construction and safety standard established under this chapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any [mobile] home covered, any standard regarding the construction or safety applicable to the same aspect of performance of such [mobile] home which is not identical to the Federal [mobile] home construction and safety standard." 42 U.S.C. § 5403(d).

Similarly, the construction and safety standards established by HUD pursuant to the Act contain the following provisions:

> "(a) No State [mobile] home standard regarding [mobile] home construction and safety which covers aspects of the [mobile] home governed by the Federal standards shall be established or continue in effect with respect to [mobile] homes subject to the Federal standards and these regulations unless it is identical to the Federal standards.

> * * *

(d) No State or locality may establish or enforce any rule or regulation or take any action that stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. The test of whether a State rule or action is valid or must give way is whether the State rule can be enforced or the action taken without impairing the Federal superintendence of the [mobile] home industry as established by the Act." 24 C.F.R. § 3282.11(a), (d) (2018).

The plain language of the statute precludes states and municipalities from imposing *construction and safety* standards upon mobile homes that differ in any respect from those developed by HUD. In other words, the construction and safety standards preempted by the Act are those standards that protect consumers from various potential hazards associated with manufactured housing. See *Georgia Manufactured Housing Ass'n v. Spalding County*, 148 F.3d 1304, 1310 (11th Cir. 1998).

¶ 18　　Count II of plaintiff's complaint alleged that the Act preempted ordinance No. 634A's registration fee. The $25 registration fee does not impose any construction or safety standards for mobile homes. It merely requires owners of mobile homes to register with defendant. The Act does not preempt ordinance No. 634A's registration fee. Therefore, count II failed to allege a constitutional violation as it relates to the registration fee.

¶ 19　　Count II also alleged that the Act preempted the provision of ordinance No. 634A, which permitted defendant to inspect mobile homes for compliance with provisions of defendant's building code, unsafe or dangerous buildings ordinance, littering ordinance, sewer ordinance, garbage ordinance, and nuisance ordinance. Although neither party raised the issue, we find that plaintiff's amended complaint failed to allege an actual justiciable controversy ripe for review. See

*In re Marriage of Gary*, 384 Ill. App. 3d 979, 987 (2008) ("[W]e may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground ***.").

¶ 20    When determining the ripeness of a declaratory action, the court must first determine whether the complaint states an actual legal controversy between the parties. See *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 382-83 (1997). An "actual controversy" exists where there is a legitimate dispute involving an immediate and definite determination of the parties' rights and the resolution of which would help terminate all or part of the dispute. *Dolezal v. Plastic & Reconstructive Surgery, S.C.*, 266 Ill. App. 3d 1070, 1083 (1994). A declaratory judgment action is used "to afford security and relief against uncertainty with a view to avoiding litigation, rather than in aid of it." (Internal quotation marks omitted.) *Id.* The complaint must show that the underlying facts and issues of the case are not moot or premature. *Pincham v. Cunningham*, 285 Ill. App. 3d 780, 782 (1996). Courts cannot pass judgment on mere abstract propositions of law, render advisory opinions, or give legal advice as to future events. *Id.* If the question of whether plaintiffs will suffer any infringement of their rights is speculative, *i.e.*, if their interests would be adversely affected only in the event some future possibility does or does not occur, the action for a declaratory judgment should be dismissed. *Township High School District 203 v. Village of Northfield*, 184 Ill. App. 3d 367, 373 (1989). The reason for the finality requirement is simple: "A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes." *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 348 (1986).

¶ 21    Here, plaintiff asked the trial court to find defendant's ability to inspect mobile homes and enforce certain ordinances to be preempted by the Act. Plaintiff did not allege that defendant ever attempted to inspect or enforce any ordinance violations against plaintiff. Any conflict in these rules is speculative. Until defendant attempts to inspect and enforce any alleged ordinance

violation, we cannot say that ordinance No. 634A or any of the ordinances it incorporates conflict with the Act. This is highlighted by plaintiff's failure to specify any provisions of defendant's ordinances that conflict with the Act. Plaintiff merely speculates that the Act prohibits states and municipalities from passing any laws that affect mobile homes. That is not true. The Act regulates only safety and construction standards. As a result, there is no claim that any specific provision of defendant's ordinances interferes with any specific provision of the Act. Consequently, no controversy exists. The complaint for declaratory judgment as to defendant's authority to inspect and enforce its ordinances is not ripe for review. The trial court did not err when it dismissed count II of the amended complaint. Count II did not state a cause of action for federal preemption.

¶ 22        Next, plaintiff contends that ordinance No. 634A is unconstitutional as its language is impermissibly vague. Plaintiff failed to raise this argument in the trial court. Count II of the amended complaint does not set forth a claim that ordinance No. 634A is unconstitutional due to vagueness. A reviewing court will not consider arguments that a party failed to present to the trial court. *In re Application of the County Treasurer & ex officio County Collector*, 373 Ill. App. 3d 679, 702 (2007). Plaintiff's amended complaint raised three distinct constitutional claims: (1) defendant exceeded its constitutional authority in passing ordinance No. 634, (2) federal law preempted ordinance No. 634A, and (3) the registration fees assessed under the ordinance constituted unlawful taxes. Absent from these claims is any argument that ordinance No. 634A is unconstitutionally vague. We therefore find that plaintiff forfeited this claim by failing to present it in the trial court.

¶ 23        Although it is true that "[i]n exceptional cases, we may refuse to apply [forfeiture] in the interests of justice" (*In re Marriage of Brackett*, 309 Ill. App. 3d 329, 338 (1999)), we see nothing exceptional about this case to warrant putting aside forfeiture. That the argument concerns the

constitutionality of a statute makes no difference. See *Villareal v. Peebles*, 299 Ill. App. 3d 556, 560 (1998). Forfeiture applies equally in cases involving constitutional rights and constitutional claims on appeal. See, *e.g.*, *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 58; *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 127 (2010). Plaintiff failed to identify anything that would cause this court to conclude that the application of the waiver rule would result in an exceptional injustice. The trial court did not consider a vagueness or constitutionality claim in dismissing count II.

¶ 24    As noted above, the bulk of plaintiff's claims are not ripe for review. The only ripe issue presented is whether the $25 registration fee is constitutional. We have already found that plaintiff failed to properly plead a claim that federal law preempts ordinance No. 634A. Accordingly, we find that this is not one of those exceptional cases in which forfeiture should be overlooked in the interest of justice. "[W]hile our case law is permeated with the proposition that waiver and forfeiture are limitations on the parties and not on the court, that principle is not and should not be a catchall that confers upon reviewing courts unfettered authority to consider forfeited issues at will." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 33. A review of the content of count II leads to our conclusion that plaintiff failed to properly plead a claim for unconstitutionality due to vagueness or federal preemption and the trial court properly dismissed count II pursuant to section 2-615.

¶ 25                                    III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

¶ 27    Affirmed.

2022 IL App (3d) 210260

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Tazewell County, No. 19-MR-246; the Hon. Stephen A. Kouri, Judge, presiding. |
| **Attorneys for Appellant:** | John T.D. Bathke, and Jonathan L.A. Phillips, of Phillips & Bathke, P.C., of Peoria Heights, for appellant. |
| **Attorneys for Appellee:** | Mark D. Walton, Robert B. McCoy, and Jeffrey J. Gaster, of Miller, Hall & Triggs, LLC, of Peoria, for appellee. |