2025 IL App (1st) 241551-U

Fourth Division
Filed December 11, 2025

No. 1-24-1551

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| LISA KUYKENDALL, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Petitioner-Appellant, | ) | |
| v. | ) ) | No. 2024 CH 00871 |
| THE CITY OF PARK RIDGE, | ) ) | The Honorable Neil H. Cohen, |
| Respondent-Appellee. | ) ) | Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The petition for a declaratory judgment was properly dismissed because it did not allege facts showing that there was an actual controversy ripe for judicial adjudication, but the dismissal should have been without prejudice.

¶ 2     This case concerns four water and sewer pipes that connect 24 townhouses in Park Ridge, Illinois, to the main city pipes. The petitioner, Lisa Kuykendall, owns one of those townhouses. She believes that the respondent, the City of Park Ridge, is responsible for maintaining, repairing, and replacing the shared pipes, and she filed a petition in the circuit court seeking a declaratory judgment to that effect. The City moved to dismiss on the basis that Kuykendall lacked standing. The circuit court granted the motion and dismissed the petition. While we agree that Kuykendall's petition did not show that there was an actual controversy ripe for resolution via declaratory relief,

we find that it was error to dismiss with prejudice. We therefore affirm the judgment but modify it to be without prejudice.

¶ 3                                    I. BACKGROUND

¶ 4        In the 1960s, a developer built a six-building, 24-unit townhouse complex on a parcel of land at the corner of Northwest Highway and Delphia Avenue in Park Ridge. It appears from materials attached to the petition that the parcel was divided entirely into 24 "dwelling parcels" and 24 associated "parking parcels." The developer granted perpetual easements for water, gas, telephone, electricity, and ingress and egress to be "used in common" by anybody with an interest in one of the townhouses. The declaration of easements also provided that any other facilities serving more than one unit that already existed or might be installed later would be "perpetually used in common" by the owners or occupants of the parcels that used those facilities. There were no provisions made for a homeowner or condo association, which remains the situation to date.

¶ 5        In addition to the townhouses and a parking lot, the site plans called for two new eight-inch sewer pipes and two new three-inch water mains to be installed under the land between or next to the buildings. The plans show individual connections running from the three-inch pipe to each of the 24 townhomes, and Kuykendall's petition alleges that each townhouse has its own water meter and "buffalo box" (a term that refers to a type of housing used for shut-off valves that can be accessed from ground level). Further, the developer applied to the Metropolitan Sanitary District of Greater Chicago for a permit to construct two eight-inch sanitary sewer services and connect them to the existing twelve-inch main sewer line under Northwest Highway. The application was signed by the developer's president and by K.C. Cunningham, the director of public works for the City of Park Ridge. The permit, which was approved in 1963, listed the City as the permittee and provided that the system would "be constructed, maintained, and operated at the sole cost of the Permittee."[1]

---

[1]    The copy of the permit that Kuykendall attached to her petition was not signed by anybody from the City, but the petition alleges that the sewers were built "[p]ursuant to the permit." That allegation is

¶ 6      Sixty years later, Kuykendall, who owns one of the 24 units, learned from her plumber that her unit was at the end of one of the shared sewer lines. She contacted the City to ask about maintaining, repairing, and replacing the sewer pipe. The City responded that it was not responsible for the sewer system, citing a 1975 policy statement providing that the City generally will not maintain street, water, or sewer facilities on private property. Kuykendall then filed the underlying petition for declaratory judgment seeking a declaration that "the City of Park Ridge is responsible for the maintenance, operation, repair or replacement of the sanitary sewer system and water mains servicing the Development."

¶ 7      The City filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)). In the portion of the motion it designated as having been brought under section 2-615 (*id.* § 2-615), the City identified two grounds for dismissal.[2] First, the City argued that Kuykendall lacked "standing to bring an action for declaratory relief" because the petition did not allege facts showing the existence of an "actual controversy" and because Kuykendall was "not an interested party." Second, the City argued that any controversy was not ripe for adjudication, noting the absence of "any indication of a need" for repair or replacement and contending that the petition did not set forth adequate factual detail demonstrating that withholding consideration would impose a hardship on Kuykendall.

¶ 8      After briefing, the circuit court *sua sponte* recharacterized the motion to dismiss for lack of standing as a section 2-619 (*id.* § 2-619) motion and, agreeing that Kuykendall lacked standing, dismissed the petition with prejudice. Kuykendall appeals.

---

treated as true for the purposes of a motion to dismiss. See *Cahokia Unity School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24.

[2]   The City also moved to dismiss under section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2022)), arguing that it "owe[d] no duty" to Kuykendall under the public-duty rule and that declaratory relief was not proper because it would simply be a declaration. The circuit court did not address either argument, and the City does not raise those arguments on appeal.

¶ 9                                    II. ANALYSIS

¶ 10     We begin by noting the procedural confusion surrounding the dismissal of Kuykendall's petition. In the circuit court, the City brought a combined motion to dismiss under both sections 2-615 and 2-619. In the combined motion, the City designated both its standing and ripeness arguments as challenges to the legal sufficiency of the petition under section 2-615. When it ruled on the motion, the circuit court found that lack of standing was an affirmative defense that should have been raised as a basis for involuntary dismissal under section 2-619, so it treated that section of the motion as having been brought under section 2-619 and then granted that recharacterized motion to dismiss.

¶ 11     On appeal, Kuykendall argues that the circuit court's handling of the motion to dismiss was procedurally improper. Among other things, she contends that the *sua sponte* recharacterization denied her the opportunity to respond and that the court did not hold the City to the evidentiary burden generally required of the moving party under section 2-619. We do not need to reach these arguments. A trial court's ruling on a combined motion to dismiss is reviewed *de novo*. *Funkhouser v. City of Granite City*, 2025 IL App (5th) 240666, ¶ 22. That means "we perform the same analysis that a trial judge would perform," so "[w]e may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or whether its reasoning was correct." *Garrick v. Mesirow Financial Holdings, Inc.*, 2013 IL App (1st) 122228, ¶ 28. The question before us is whether the judgment of dismissal was correct, not whether the circuit court's stated reason for dismissal was free from error. See *Arris Group, Inc. v. CyberPower Systems (USA), Inc.*, 2021 IL App (1st) 191850, ¶ 30 ("The appellate court reviews the judgment of the circuit court and not the reasons given for that judgment."). For the reasons that follow, we agree that dismissal was proper on a basis that the City raised in its motion to dismiss and Kuykendall addressed in her response: the petition did not allege the existence of an actual controversy as necessary to bring an action for declaratory relief.

¶ 12     "The essential requirements for asserting a declaratory judgment action are (1) a plaintiff with a legal tangible interest, (2) a defendant with an opposing interest, and (3) an actual controversy

between the parties involving those interests." *Cahokia Unit School District*, 2021 IL 126212, ¶ 36. A legal tangible interest is "some personal claim, status, or right which is capable of being affected by the grant of [declaratory] relief ." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 493 (1988). An actual controversy is one where "the underlying facts and issues of the case are not moot or premature." *Underground Contractors Association v. City of Chicago*, 66 Ill. 2d 371, 375 (1977). These elements must be "recite[d] in sufficient detail" in a complaint for declaratory relief. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 383 (1997) ("A complaint for declaratory judgment must recite in sufficient detail an actual and legal controversy between the parties and must demonstrate that the plaintiff is interested in the controversy.").

¶ 13        So, to survive a motion to dismiss, the allegations of Kuykendall's petition had to, among other things, "show that the underlying facts and issues of the case are not moot or premature." *Reynolds v. Village of Creve Coeur*, 2022 IL App (3d) 210260, ¶ 20. Under either section 2-615 or section 2-619, the court assumes the truth of all well-pleaded facts and the reasonable inferences that can be drawn from those facts when viewed in the light most favorable to the plaintiff. *Mercado v. S&C Electric Co.*, 2025 IL 129526, ¶ 18. Here, the petition alleged, in relevant part, as follows:

> "18.  In the summer of 2023, Petitioner hired a plumber to review the plumbing and sewer system for Unit A.
>
> 19.  The plumber discovered that on the property of Unit A is the end of one of the two main sanitary sewer system[s] build pursuant to the permit issued to the City of Park Ridge in 1963.
>
> 20.  Upon learning of the existence of the sanitary sewer system on her property, Petitioner contacted the City of Park Ridge regarding the maintenance, operation, repair or replacement of the sanitary sewer system in the Development.

21. The City of Park Ridge informed the Petitioner that the City of Park Ridge had no responsibility for the sanitary sewer system under the Council Policy Statement dated November 17, 1975."

These allegations and the reasonable inferences they give rise to show that, if the pipes were to require maintenance, repair, or replacement, the parties currently do not agree whose responsibility maintaining, repairing, or replacing the pipes would be. But there is nothing in the petition suggesting that the pipes are in anything other than perfect working order. For instance, there are no allegations that an immediate need for maintenance, repair, or replacement has arisen. The petition's allegations permit a reasonable inference that the pipes have been in place for approximately 60 years, but it does not allege that the pipes require regular maintenance to function in the absence of some kind of problem, nor does it allege that no maintenance has ever been performed on them.

¶ 14    "[I]f a plaintiff's interests would be adversely affected only in the event of some future occurrence or non-occurrence, the declaratory action should be dismissed." *SBL Associates v. Village of Elk Grove*, 247 Ill. App. 3d 25, 29 (1993). Here, Kuykendall's interests will only be adversely affected in the event that something happens that requires maintenance, repair, or replacement. Her allegations merely show that any disagreement over which party is responsible might, in the future, ripen into an actual controversy. They do not show that one currently exists. Because the petition "does not state facts sufficient to show ripeness," it was legally insufficient and properly dismissed as premature. *Schwanke, Schwanke & Associates v. Martin*, 241 Ill. App. 3d 738, 749 (1992).

¶ 15    We agree, however, that the dismissal should not have been entered with prejudice. Dismissal is proper because Kuykendall's petition fails to show that the question of who is responsible for the pipes is ripe for resolution. It should not preclude her from seeking declaratory relief if that issue becomes ripe. Hence, the dismissal should have been entered without prejudice. See *Schulte*, 151 Ill. App. 3d at 336 (modifying dismissal of unripe claim to be without prejudice should it become ripe). We therefore modify the judgment to be without prejudice. See Ill. S. Ct. R.

366(a)(5) (eff. Feb. 1, 1994); *Kristen B. v. Department of Children & Family Services*, 2022 IL App (1st) 200754, ¶ 61.

¶ 16                                   III.  CONCLUSION

¶ 17        We modify the judgment of the circuit court to specify that the petition is dismissed without prejudice, and we affirm that modified judgment.

¶ 18        Affirmed as modified.